IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| RICHARD J. BARTLETT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 122-061 |
| | ) | |
| RICHARD DOUGLASS, Captain; | ) | |
| CRAIG MURPHY, Investigator; | ) | |
| TODD BROWN, Investigator; and | ) | |
| JACOB DYER, Investigator; | ) | |
| | ) | |
| Defendants. | ) | |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

_____

Plaintiff, formerly incarcerated at Columbia County Detention Center ("CCDC") in Appling, Georgia, is proceeding *pro se* and *in forma pauperis* ("IFP") in this case, filed pursuant to 42 U.S.C. § 1983. Because he is proceeding IFP, Plaintiff's complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984) (*per curiam*).

I.     SCREENING THE COMPLAINT

A.     BACKGROUND

Plaintiff names the following defendants: (1) Captain ("Cpt.") Richard Douglass, Columbia County Sheriff's Office ("CCSO"); (2) Investigator ("Inv.") Craig Murphy, CCSO; (3) Inv. Todd Brown, CCSO; and (4) Inv. Jacob Dyer, CCSO. (Doc. no. 1, pp. 1-3.)

Taking all of Plaintiff's factual allegations as true, as the Court must for purposes of the present screening, the facts are as follows.

Plaintiff was arrested on July 28, 2021.  (Id. at 5.)  While he was a pretrial detainee at CCDC, eleven individuals committed multiple crimes against Plaintiff, covering a range of theft, burglary, and conspiracy activities.  (Id. at 12-13.)  Plaintiff "suffered a major loss of [his] property" and has suffered physical, emotional, and financial distress because none of the alleged criminals have been investigated or prosecuted, despite several witnesses having observed the alleged crimes.  (Id. at 14.)  Plaintiff requests the Court compel Defendants to "bring all criminals accountable," as they are sworn to do.  (Id. at 15.)  He also seeks a return of all property, including vehicles, and as of yet undetermined punitive damages.  (Id.)

## B.     DISCUSSION

### 1.     Legal Standard for Screening

The complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief.  See 28 U.S.C. § 1915(e)(2)(B).  A claim is frivolous if it "lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325 (1989).  "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)."  Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the complaint must "state a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff

pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. The complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Haines v. Kerner, 404 U.S. 519, 520 (1972). However, this liberal construction does not mean that the court has a duty to re-write the complaint. See Bilal v. Geo Care, LLC, 981 F.3d 903, 911 (11th Cir. 2020); Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

### 2.    Plaintiff Fails to State a Claim Based on the Failure to Bring Criminal Charges against Individuals Plaintiff Believes Stole from Him

The law is well settled that "a private citizen has no judicially cognizable interest in the prosecution or non-prosecution of another." Otero v. United States Att'y Gen., 832 F.2d 141, 141 (11th Cir. 1987) (quoting Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973)); see Weaver v. Mateer and Harbert, P.A., 523 F. App'x 565, 568 (11th Cir. 2013) (*per curiam*)

(citing Otero, 832 F.2d at 141); see also Capogrosso v. Supreme Ct. of N.J., 588 F.3d 180, 184 (3d Cir. 2009) ("[I]ndividual citizens do not have a constitutional right to the prosecution of alleged criminals."); Sattler v. Johnson, 857 F.2d 224, 227 (4th Cir. 1988) (holding that there is no constitutional right for a member of the public, as a victim, to have defendants, including state government officials, criminally prosecuted).  Indeed, the decision on whether to ultimately prosecute a criminal case would be a matter entirely in the local prosecutor's discretion.  See, e.g., Bordenkircher v. Hayes, 434 U.S. 357, 364 (1978) ("In our system . . . the decision whether or not to prosecute, and what charge to file or bring before a grand jury, generally rests entirely in [the prosecutor's] discretion.").   Similarly, there is no constitutional right to force investigation of another person.  See Lefebure v. D'Aquilla, 15 F.4th 650, 654-55 (5th Cir. 2021) (reviewing principles of Linda R.S. and collecting cases nationwide refusing to hear claims challenging decision not to investigate or prosecute another person).

Therefore, the allegations regarding Defendants' failure to investigate and prosecute individuals who Plaintiff reported as having committed crimes against him fail to state a claim upon which relief may be granted.

### 3.     Plaintiff Fails to State a Claim for Loss of Personal Property

To the extent Plaintiff attempts to hold Defendants liable for the loss of the property he alleges private individuals took from him, he fails to state a federal claim for relief.  The Fourteenth Amendment does not protect against all deprivations of property, only against deprivations that occur "without due process of law."  Parratt v. Taylor, 451 U.S. 527, 537 (1981), *overruled on other grounds*, Daniels v. Williams, 474 U.S. 327, 330-31 (1986). Georgia has created a civil cause of action for the wrongful deprivation of personal property.

4

O.C.G.A. § 51-10-1.  The statutory cause of action constitutes an adequate post-deprivation remedy under Parratt.  See Byrd v. Stewart, 811 F.2d 554, 555 n.1 (11th Cir. 1987).  Not only does Plaintiff fail to allege Defendants have possession of his property, but even if he had, Plaintiff has not alleged he has attempted to pursue a civil action to recover his property.[1]  See Moore v. McLaughlin, 569 F. App'x 656, 658 (11th Cir. 2014) (per curiam).  Thus, Plaintiff has an adequate remedy at State law, and he fails to state a valid § 1983 claim against any Defendant for the loss of any personal property.

### 4.    Any Potential State Law Claims Should Be Dismissed Without Prejudice

To the extent Plaintiff may have any viable state law claims regarding the events alleged in his complaint regarding police actions or against the private individuals who allegedly stole his property, those should be dismissed without prejudice so that Plaintiff may pursue them, if he so chooses, in state court.  Federal district courts have original jurisdiction over civil actions "arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  Federal courts are given the additional power to exercise supplemental jurisdiction over state law claims which "form part of the same case or controversy under

---

[1]Nor do Plaintiff's allegations suffice to bring a federal claim against the individuals he claims stole his property but who were not named as defendants.  "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and law of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  West v. Atkins, 487 U.S. 42, 48 (1988) (citations omitted).  Traditionally acting under color of state law "requires that the defendant in a § 1983 action have exercised power possessed by the virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law."  Id. at 49 (internal quotations marks and citation omitted).  A private person is only viewed as acting under color of state law if "there is such a close nexus between the State and the challenged action that seemingly private behavior" may be fairly attributed to the State.  Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n, 531 U.S. 288, 295 (2001) (internal quotations and citations omitted).  Even if Plaintiff had named as defendants the private individuals he alleges stole his property, he has failed to allege any such State nexus, and thus, any federal claim against these private individuals appear to be subject to dismissal.

Article III of the United States Constitution."  Id. § 1367(a). However, § 1367(c)(3) states that "[t]he district courts may underline decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction. . . ." Id. § 1367(c)(3) (emphasis added).

The Eleventh Circuit has explicitly advised that a district court is well within its discretion to dismiss state law claims once the basis for original federal court jurisdiction no longer exists:

> At this time, the case retains no independent basis for federal jurisdiction. . . . A proper resolution of the two state law causes of action will require a careful analysis of Alabama law--something the courts of Alabama are in the best position to undertake and, for reasons of federalism, should undertake. . . .  We conclude that the district court should dismiss the state law claims so that Appellee may pursue them in state court.

Nolin v. Isbell, 207 F.3d 1253, 1258 (11th Cir. 2000); see also Republic of Panama v. BCCI Holdings (Luxembourg) S.A., 119 F.3d 935, 951 n.26 (11th Cir. 1997) ("After dismissing Panama's federal claims against the . . . defendants, the district court correctly dismissed its remaining state law claims against these defendants."); Rice v. Branigar Org., Inc., 922 F.2d 788, 792 (11th Cir. 1991) (recognizing that trial court's decision to exercise pendant jurisdiction over state law claims is discretionary).

Here, the Court has determined that the complaint fails to state a claim that could serve as the basis for original federal court jurisdiction.  Thus, without the federal claim(s), the Court concludes any potential state law claims should be dismissed without prejudice. Vibe Micro, Inc. v. Shabanets, 878 F.3d 1291, 1296 (11th Cir. 2018) ("When all federal claims are dismissed before trial, a district court should typically dismiss the pendant state claims as well. . . .  [I]t usually should do so without prejudice as to refiling in state court." ).

## II.    CONCLUSION

The Court **REPORTS** and **RECOMMENDS** the case be **DISMISSED** because Plaintiff fails to state a federal claim upon which relief can be granted, any potential state law claims be dismissed without prejudice, and that this case be **CLOSED**.

SO REPORTED and RECOMMENDED this 8th day of August, 2022, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA